CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 30 2012

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTHONY DACRE, ) | |
| Plaintiff, ) | Civil Action No. 7:12cv00055 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNNAMED DEFENDANTS, ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

This is an action under 42 U.S.C. § 1983 by plaintiff Anthony Dacre, an inmate at Keen Mountain Correctional Center (Keen Mountain), proceeding *pro se* against defendants, Fleming, Reynolds, Mitchell, Wilson, Ratcliffe, Hogge, Bryant, and Green, all correctional officers or officials at either Keen Mountain or Lawrenceville Correctional Center (Lawrenceville). This matter is before the court on Dacre's motions for preliminary injunctive relief (ECF No. 1) and for a temporary restraining order (ECF No. 10). Dacre asks the court to order his transfer to another facility "out of this region" and to issue an order "pertaining to his mail being sent as well as given to [him]." The court directed the Warden at Keen Mountain to respond, and he did so in a timely manner. Dacre sought and received an extension time to reply to the Warden's response. That extension has long since passed, and Dacre has still not countered the evidence submitted by the Warden. Accordingly, the court denies Dacre's motions.

I.

Dacre is an inmate at Keen Mountain. Dacre states that he "was grabbed and then sort of lifted and dragged across the parking lot" by an unnamed person when he arrived at Keen Mountain; that five correctional officers verbally threatened him;[1] that the medical staff denied

---

[1] Specifically, Dacre alleges that one guard threatened to break his eyeglasses, three guards threatened to attack and strip him if he did not do what they said, and one guard told him that he "better be careful, [or he] might wake-up with a rope around [his] neck" and asked Dacre if he could borrow

him his transcutaneous electrical nerve stimulation (TENS) unit and walking cane;[2] that he has not had a shower since his arrival at Keen Mountain because there are no handrails in the showers; and that Keen Mountain officials are interfering with his incoming and outgoing mail. As evidence of their interference, Dacre states that he wrote to two individuals in January and neither of them has responded to his letters. According to Dacre, these individuals "always" respond and the fact that he has not received any response indicates that Keen Mountain officials are interfering with his mail. Dacre also alleges he needs treatment for a head "wound" that first needs to be "diagnosed" with an "x-ray or MRI [or] CAT scan, [or] something."

Dacre moved for a preliminary injunction on February 3, 2012, and on February 10, the court ordered the Warden of Keen Mountain to respond to Dacre's motion within twenty days. On February 28, 2012, the Warden filed a response which included the affidavits of L. Fleming, Assistant Warden of Operations at Keen Mountain, and L.C. Phipps, Nursing Supervisor at Keen Mountain. According to Fleming's affidavit, Dacre made no complaints related to his allegations prior to filing the lawsuit (he has since filed two informal complaints); inmates assigned to segregation are offered the opportunity to shower three times a week, Dacre has refused to shower since showering on December 31, 2011, and a plastic chair is provided if an inmate is unable to stand for a shower; and Dacre stood talking to Fleming for twenty minutes and climbed onto a sink to remove a piece of paper covering the light in his cell without showing visible pain or distress. According to Phipps' affidavit, members of the medical staff have seen

---

some AA batteries (this comment is allegedly related to Keen Mountain's confiscation of a battery-operated medical device from Dacre).

[2] TENS is the use of electric current produced by a device to stimulate the nerves for therapeutic purposes. Dacre alleges that he needs the TENS unit and walking cane for his "disability." Dacre apparently has a lower back injury and states that he is "supposed to be in a wheelchair" but that he "gets by" using a walking cane, medication, and his TENS unit.

2

Dacre squat and walk without visible pain or distress, the institutional doctor discontinued Dacre's permission to use a cane because he was able to walk without one, Dacre twice refused new batteries for his TENS unit, the doctor discontinued Dacre's TENS unit because Dacre had pulled the electrode wires out of the packs, and Dacre refused an x-ray of his spine. On March 8, 2012, Dacre moved for an extension of time to reply. The court granted Dacre's motion for an extension and ordered him to respond within ten days. Dacre has sought but not received two additional extensions.[3]

## II.

The court was concerned, seeing Dacre's allegations that he was unable to shower and that prison officials confiscated a medical device he needed, that prompt action may have been necessary. Accordingly, the court ordered the Warden at Keen Mountain respond. The Warden did so, providing medical records and affidavits from prison officials refuting Dacre's allegations. The court gave Dacre ample opportunity to reply, but he has not done so,[4] which may say something about the merits. The court agrees with the defendants at this juncture that

---

[3] Dacre has also filed a motion to add as plaintiff in this matter a fellow inmate who also complains he has been denied medical care. Dacre has not alleged that this fellow inmate was denied medical care as a part of the same "transaction or occurrence," Federal Rules of Civil Procedure Rule 20(a)(1)(A), nor is there any reason on the face of his motion to believe that is the case. Accordingly, the court denies Dacre's motion to amend his complaint.

[4] The court ordered Dacre to respond by April 16, 2012. Dacre has filed two motions (ECF 26, 27) to extend this filing deadline. He alleges that a guard removed his prepared response from his cell, that his arthritis prevents him from writing, and that he has been denied writing supplies. The court notes, however, that Dacre was able to submit three separate handwritten motions: two on April 9 (ECF No. 25, 26) and one on April 16 (ECF No. 27). By making these submissions rather than a response, Dacre has defeated his own argument. Accordingly the court finds no merit in his motions to extend the response deadline.

3

Dacre has either failed to show that he is likely to succeed on the merits or failed to show he is likely to suffer irreparable harm for each claim and denies his motion for injunctive relief.[5]

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy before trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The court finds that Dacre has not satisfied the Winter test and, therefore, denies his motion for preliminary injunctive relief without prejudice.

Dacre claims that he was denied various medical treatments. According to the Phipps' affidavit, medical staff examined Dacre on several occasions, and doctors ordered x-rays for him but Dacre refused. Dacre also requests his TENS unit back, which officials took from him after he had pulled the wires out of it. (Phipps Aff. ¶ 8, ECF No. 13-2.) Instead of this unit, officials provided him with pain medication. (Phipps Aff. ¶ 15.) Dacre claims he needs a cane or wheelchair to walk. According to the Phipps' affidavit, members of the medical staff have seen Dacre squat and walk around without a cane and with no visible pain or distress. According to Fleming's affidavit, he saw Dacre stand for twenty minutes and climb onto a sink to remove paper covering the light in his cell with no visible pain or distress. Given the uncontradicted

---

[5] Per Dacre's, (Mot. to Amend 1, ECF No. 12), the court dismisses without prejudice all claims relating to events that occurred at Lawrenceville and all claims against defendants Hogge, Bryant, and Green, while noting that any claim for injunctive relief relating to Dacre's imprisonment at Lawrenceville would be moot.

4

evidence offered by the defendants, Dacre has not shown he is likely to succeed on the merits at trial.

Dacre also alleges that he was subjected to cruel and unusual living conditions by not showering for several months. Inmates in segregation are allowed to shower three times each week. Dacre has refused to shower since December 31, 2011. (Fleming Aff. ¶ 6, ECF No. 13-1.) He further complains that he cannot shower without handrails in place; however, the prison provides a plastic chair for any inmate who is unable to stand while showering. (Fleming Affidavit ¶ 6.) Given the uncontradicted Fleming affidavit, Dacre has not shown he is likely to succeed on the merits at trial.

Dacre complains of verbal threats by Keen Mountain officials. Verbal harassment or a threat by a prison official in and of itself does not state a constitutional deprivation under § 1983. Henslee v. Lewis, No. 05-6768, 2005 WL 2888220, at *1 (4th Cir. 2005) (unpublished) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)). Dacre's allegations of harassment and threats, without more, are unlikely to succeed on the merits at trial because he has failed to state a claim for a constitutional deprivation.

Dacre claims that he was subjected to excessive force when he was "dragged" across the parking lot upon his arrival at Keen Mountain.[6] Dacre does not allege that he is likely to be "dragged" again, and thus has failed to show he is likely to suffer any further harm.

Finally, Dacre alleges he was denied incoming and outgoing mail. He bases these allegations on the fact that his friends have not responded to his January letters. His evidence is speculative at best.

---

[6] The court notes that based on Dacre's description of the event (he "was grabbed and then sort of lifted and dragged across the parking lot"), it appears that the individual who "dragged" him was attempting to carry him into the institution.

## III.

Based on the foregoing, the court finds that Dacre cannot satisfy all four prongs of the Winter test and thus is not entitled to injunctive relief.[7] Accordingly, the court denies the motion for preliminary injunctive relief and the motion for a temporary restraining order.

**ENTER**: April 27, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[7] Further, although Dacre seeks a transfer to a different facility, he has no constitutional right to be housed at any particular facility, Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976), and the court generally leaves the operation of prisons to prison officials when no constitutional right is at issue. Cruz v. Beto, 405 U.S. 319, 321 (1972). Accordingly, Dacre's petition for writ of mandamus requesting the court order he be transferred is denied.